# COURT OF APPEALS
# DECISION
# DATED AND FILED

## August 25, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP733**

Cir. Ct. No. **2020TR4273**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

IN THE MATTER OF THE REFUSAL OF DEREK V. SCHROTH:

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

DEREK V. SCHROTH,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Winnebago County: SCOTT C. WOLDT, Judge. *Affirmed.*

¶1 NEUBAUER, J.[1] Derek V. Schroth appeals from a judgment convicting him of refusal to submit to a chemical test in violation of WIS. STAT.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

§ 343.305. Schroth contends that the circuit court erred in concluding that the arresting officer had probable cause to arrest him for operating a motor vehicle while under the influence of intoxicants (OWI) and in finding that Schroth refused to submit to chemical testing. We reject Schroth's arguments and affirm.

## BACKGROUND

¶2 The parties do not dispute the facts pertinent to this appeal as testified to by City of Oshkosh police officer Joey Rebedew, the only witness to testify at Schroth's refusal hearing.

¶3 On June 23, 2020, Rebedew was dispatched to an area business where the employees had called to report that there was an unknown male outside of the business. The employees reported that the male appeared to be in distress. When Rebedew arrived at the scene he encountered Schroth, who was "sitting on the sidewalk just in front of the business."

¶4 When Rebedew began speaking with Schroth, he "observed slurred speech and red bloodshot eyes." Rebedew asked Schroth "why he was there [and] where he was going," but Schroth could not provide "a straight answer." Rebedew noticed dirt on Schroth's pants and forearm, and "[a]gain, he didn't know how to explain how that happened." Schroth admitted that he had been drinking alcohol.

¶5 A vehicle in a ditch near the business was still running. It was registered to Schroth. Schroth was unable to provide an explanation as to how his vehicle ended up in the ditch despite the fact that no one else was in the area. Rebedew testified that someone who exited the vehicle in the ditch would have mud or dirt on him or her because the driver side was on a muddy hill and it appeared that someone had slipped there while exiting the vehicle.

¶6     Suspecting impairment, Rebedew asked Schroth to perform field sobriety tests.  Schroth performed the tests and failed them.  Rebedew concluded that Schroth was in fact likely impaired and transported him to a local hospital for a blood draw.  At the hospital, Rebedew read Schroth the Informing the Accused form.  Schroth refused to submit to a blood draw.

¶7     Schroth was subsequently charged with OWI, contrary to WIS. STAT. § 346.63(1)(a), with operating a motor vehicle with a prohibited alcohol concentration (PAC), contrary to WIS. STAT. § 346.63(1)(b), both as felony fourth offenses, and with refusing to submit to a chemical test, contrary to WIS. STAT. § 343.305(9).

¶8     After taking evidence at the refusal hearing, the circuit court concluded that Rebedew had probable cause to arrest Schroth for OWI and that Schroth had, after being read the Informing the Accused form, refused to submit to a chemical test.[2]  The court explained factors it considered in reaching its probable cause determination:  In response to a complaint, Rebedew "get[s] there and there is a motor vehicle running in a ditch.  It is registered to [Schroth].  [Schroth] is sitting there.  He's not from the area.  Says he comes from a golf outing which tells me he was driving on a … highway."  The court continued:  "Some slip marks from the ditch in the mud.  The only person you find sitting there that doesn't live there and is the registered owner of the vehicle is [Schroth]."  The court also found that Rebedew's testimony and the Informing the Accused form showing that Schroth

---

[2] Schroth stated at the hearing that he was not contesting that he was impaired when Rebedew made contact with him but was challenging only whether Rebedew had probable cause to arrest and whether Schroth refused to submit to a blood draw.

had refused were sufficient evidence from which to conclude that Schroth refused to submit to testing and found Schroth guilty of the refusal. Schroth appeals.

## DISCUSSION

*Pertinent Legal Standards*

¶9       At a refusal hearing, a defendant may challenge only:  (1) whether the police officer had probable cause to believe the accused drove or operated a vehicle under the influence of an intoxicant and was lawfully arrested for an OWI offense; (2) whether the officer properly informed the defendant under the implied consent statute, *see* WIS. STAT. § 343.305(4); and (3) whether the defendant improperly refused a chemical test.  Sec. 343.305(9)(a)5.a.-c.  We uphold a circuit court's findings of fact unless they are clearly erroneous.  *See* WIS. STAT. § 805.17(2).  The application of the implied consent statute to findings of fact is a legal question that we review de novo.  *See **State v. Piddington***, 2001 WI 24, ¶13, 241 Wis. 2d 754, 623 N.W.2d 528.

¶10      "Probable cause to arrest is the sum of evidence within the arresting officer's knowledge at the time of the arrest which would lead a reasonable police officer to believe that the defendant probably committed or was committing a crime."  ***State v. Nieves***, 2007 WI App 189, ¶11, 304 Wis. 2d 182, 738 N.W.2d 125. "Probable cause to arrest does not require 'proof beyond a reasonable doubt or even that guilt is more likely than not.'  It is sufficient that a reasonable officer would conclude, based upon the information in the officer's possession, that the 'defendant probably committed [the offense].'"  ***State v. Babbitt***, 188 Wis. 2d 349, 357, 525 N.W.2d 102 (Ct. App. 1994) (alteration in original; citations omitted).   In determining whether probable cause exists, we must look to "the totality of the circumstances."  *See **State v. Nordness***, 128 Wis. 2d 15, 35, 381 N.W.2d 300 (1986).

4

*There Was Sufficient Probable Cause to Believe That Schroth Had Likely Committed an OWI Offense Under the Totality of the Circumstances*

¶11 On appeal, Schroth challenges only whether the first and third statutory requirements have been met. *See* WIS. STAT. § 343.305(9)(a)5.a.-c. Schroth first argues that Rebedew lacked probable cause that he had committed an OWI as necessary for Rebedew to request a blood draw.

¶12 As at the refusal hearing, Schroth does not challenge on appeal that he was impaired when Rebedew made contact with him, instead arguing that Rebedew did not have probable cause because there was no proof that Schroth had been operating a motor vehicle while intoxicated.

¶13 We conclude that, under the totality of the circumstances, Rebedew had probable cause to believe that Schroth had operated a motor vehicle while impaired. The circuit court found ample facts on which Rebedew could rely in making this determination. When Rebedew made the decision to arrest Schroth for OWI, he was in possession of the following information: Rebedew was dispatched to a business address where employees reported "a male [who] seemed to be in distress"; upon his arrival, Rebedew saw Schroth sitting on the sidewalk in front of a business, and Schroth's vehicle, still running, in a ditch on a muddy hill near the business; Schroth had slurred speech, bloodshot eyes, and initially was not able to form a "straight answer" about why he was on a sidewalk in front of the business, or where he was going; Schroth admitted to Rebedew that he had been drinking alcohol; after examining the area surrounding the vehicle, Rebedew surmised that someone exiting the vehicle out the driver side had slipped on the hill and would likely have mud on him or her; Schroth had mud or dirt on his pants and forearm; Schroth reported to another officer at the scene that he had been at a golf outing at a course nearby and was on his way home; Rebedew testified that there was not

"anybody else around"; at no point during his interaction with police did Schroth claim that there was another driver; at no point did Schroth assert that he drank the alcohol after arriving at the business; and, finally, Schroth consented to and failed field sobriety tests.

¶14    That Schroth drove his vehicle on his way home from the golf course and into the ditch shortly prior to the officer's arrival was a reasonable conclusion based on the totality of the circumstances.[3]  Schroth's argument that the officer did not receive a report of, or directly see, Schroth driving the vehicle does not undermine this conclusion.  There is no requirement that direct, as opposed to circumstantial, evidence prove that Schroth drove the vehicle into the ditch shortly before the officer's arrival.  *See, e.g.*, ***Burg ex rel. Weichert v. Cincinnati Cas. Ins. Co.***, 2002 WI 76, ¶27 n.8, 254 Wis. 2d 36, 645 N.W.2d 880 ("'[O]peration' for purposes of the drunk driving laws can be proved circumstantially.  A defendant found intoxicated behind the wheel of a parked car with its engine off but still warm might well be prosecuted on that circumstantial evidence of recent 'operation.'"); ***State v. Mertes***, 2008 WI App 179, ¶¶11-17, 315 Wis. 2d 756, 762 N.W.2d 813 (the conclusion that a defendant under the influence was "operating" a vehicle may rest solely on circumstantial evidence; thus, "[t]he issue is not whether Mertes was operating the vehicle at the moment the police approached him, but rather whether there was enough circumstantial evidence to prove that he drove the car").

¶15    "Probable cause is a flexible, commonsense standard" which "requires only that the facts available to the officer would warrant a person of reasonable caution to believe that an offense likely was committed." ***Nieves***, 304

---

[3] A person is guilty of violating Wisconsin's OWI laws if they drive or operate a motor vehicle while intoxicated on a public highway or premises held out for public use. *See* WIS. STAT. §§ 340.01(22) and 346.61.

Wis. 2d 182, ¶14.  It deals with probabilities, not certainties, and it does not require an officer to rule out innocent explanations before making an arrest.  *See **id.***  Here, Schroth does not contest that he was impaired.  The employees' report of a distressed individual on the sidewalk in front of a business, along with Schroth's running vehicle, physical state with mud on his pants and forearm, and report that he was on his way home from a nearby golf outing, all of which indicate that he recently departed the vehicle, and Schroth's inability to explain the situation, support the reasonable inference that Schroth was impaired when he drove the vehicle on a public highway and into the ditch.  Based on the totality of circumstances, Rebedew had the requisite probable cause to arrest Schroth.

*The Circuit Court's Finding That Schroth Refused to Submit to Chemical Testing Was Not Clearly Erroneous*

¶16     Schroth next argues that the circuit court's finding that Schroth refused chemical testing is erroneous.  Rebedew, who was the only witness to testify at the refusal hearing, testified that he read Schroth the Informing the Accused form and that Schroth subsequently refused to submit to chemical testing.  On cross-examination, however, when asked by counsel whether Schroth said "no … or did he say something else" when asked to submit to chemical testing, Rebedew responded, "I don't recall."  Based solely on this exchange, Schroth argues that the court could not have concluded that Schroth refused to submit to testing.  We disagree.

¶17     After the evidence was presented at the hearing, the circuit court made a finding that even if Rebedew "doesn't remember exactly what [Schroth] said[, Rebedew] still remembers that [Schroth] refused to take the test."  "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the [circuit] court to judge the credibility of the witnesses."

7

*See* WIS. STAT. § 805.17(2). Reversal is not required simply because some evidence might support a contrary finding. ***Cogswell v. Robertshaw Controls Co.***, 87 Wis. 2d 243, 249, 274 N.W.2d 647 (1979). Rather, we "examine the record, not for evidence to support a finding which the [circuit] court did not make, but for facts to support the finding the [circuit] court did make." ***Hawes v. Germantown Mut. Ins. Co.***, 103 Wis. 2d 524, 543, 309 N.W.2d 356 (Ct. App. 1981).

¶18 Rebedew testified that Schroth refused the blood draw. The State also offered into evidence the Informing the Accused form, which likewise shows Schroth refused the blood draw. This evidence is sufficient to support the circuit court's finding that Schroth refused the blood test despite Schroth's assertions to the contrary.

## CONCLUSION

¶19 For the foregoing reasons, we conclude that there was sufficient probable cause to believe that Schroth had committed an OWI and, thus, to ask him to submit to chemical testing. We further conclude that evidence in the record supports the circuit court's finding that Schroth refused to submit to chemical testing and therefore it was not clearly erroneous.

> *By the Court.*—Judgment affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.